# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nia Bond and Angela Zimerman, | Case No. 2:23-cv-00356-JAD-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Lobel Financial and AhKhein Matthews, | |
| Defendant. | |

Pro se Plaintiff Nia Bond filed an application to proceed *in forma pauperis*. (ECF No. 1). However, Plaintiff's application appears to misrepresent required information. The Court thus denies Plaintiff's application without prejudice.[1]

**I.    Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide

---

[1] The Court also notes that Plaintiff has attached an application for protection. (ECF No. 1-2). However, the application Plaintiff has filled out was created by the Nevada Supreme Court (state court), not the United States District Court for the District of Nevada (federal court). Plaintiff has submitted her application for protection to the wrong court because this Court is federal court. The Court takes judicial notice that the Administrative Office of the Nevada Supreme Court's website includes a feature to help individuals seeking a protective order find the correct court. *See Protection Orders Overview*, ADMINISTRATIVE OFFICE OF THE COURTS, https://nvcourts.gov/aoc/programs_and_services/protection_orders/overview (last visited May 25, 2023).

himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443- 44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The Court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for *in forma pauperis* status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the Court is able to make a fact finding regarding the applicant's financial status. *See e.g., Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-01370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), *report and recommendation adopted sub nom. Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff submitted the Short Form *in forma pauperis* application. (ECF No. 1). Plaintiff claims to make no money, have no bills, have no property of any kind (and in doing so, claims to have no car), have no dependents, and to have no debts other than stating "I'm a student at [the University of Nevada, Las Vegas (UNLV)]." On the docket, Plaintiff includes an address. The Court takes judicial notice of the fact that public records reveal the address is the UNLV campus. But Plaintiff does not provide any details in the application regarding how she pays bills for campus housing, whether she is paying with student loans, or how she lives considering her claim to have no income and no bills. Additionally, Plaintiff alleges in her complaint that she has a job. But Plaintiff's application claims she is not employed and makes no money. She also alleges in her complaint that she has a car on which she has made payments. But Plaintiff's allegation states that she does not own a car and has no bills or loan payments. The Court finds that Plaintiff has omitted information from the application. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court orders that Plaintiff must complete the Long Form application. The Court further orders that Plaintiff may not respond with a zero in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank and must check all applicable boxes. Since Plaintiff must complete the Long Form, Plaintiff is required to provide comprehensive information regarding sources of income, employment history, bank accounts, assets, monthly expenses with dollar amounts, age, how she pays bills, and her years of schooling, among other things. In response to question 11, which asks why Plaintiff cannot afford to pay the filing fee, Plaintiff must explain in detail how she pays her bills. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **June 26, 2023** to file an updated application to proceed *in forma pauperis* using the Long Form as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis*.[2]

DATED: May 25, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form may also be found online at: https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or